BOUGHTON and others *vs.* PHILLIPS.

The usual application for costs by the defendant, on a bill of discovery, after he has fully answered the bill, is not a hearing of the cause upon the merits within the meaning of the fee bill, but is a mere motion. The defendant therefore, upon taxation, is only entitled to costs as upon a special motion, and not to costs as upon a hearing of the cause upon the merits.

THIS was an application for the retaxation of the defendant's costs upon a bill of discovery. After the defendant's answer had been perfected he applied to the court for the usual order, for the dissolution of the injunction and for the payment of his costs in the suit. And the taxing officer allowed to the defendant fifteen dollars for brief, solicitor's and counsel fees upon the motion.

*April 18.*

*D. Gardner,* for the complainants.

*C. M. Davis,* for the defendant.

THE CHANCELLOR. The taxing officer has in this case proceeded upon the erroneous supposition that the application for the payment of costs, on a bill of discovery, is a hearing of the cause. It is indeed a proceeding which puts an end to the suit. But the practice of the court in such cases is to dispose of the question of costs upon motion, and never to suffer the cause to be brought to a hearing, either upon bill and answer or upon pleadings and proofs. (*Anon. Mosley's Rep.* 185. *King* v. *Clark*, 3 *Paige's Rep.* 76.) The application for a dissolution of the injunction and for the costs of the defence, in the present case, was not in the nature of a hearing. And the defendant was therefore only entitled to charge for brief and solicitor's and counsel fees as upon an ordinary special motion which is argued by counsel other than the solicitor. The aggregate of these, according to the settled practice, was but $5, instead of $15 which has been allowed by the taxing officer. The excess of $10 must therefore be deducted from the taxed bill. I presume the vice chancellor who taxed the costs would not have allowed this larger sum, if the distinction between this case and the ordinary case of a dismissal of a bill upon a hearing upon bill and answer had been distinctly brought to his notice, upon the taxation. But the form in which the objection was made probably drew his attention from the true question upon which the claim to reduce the charge is now urged. And as the real objection was not pointed out to the defendant's solicitor, with a request to have the excessive allowance deducted, before this application was made, I shall not allow the complainants their costs on this motion. The balance of the taxed costs, after deducting the $10, must be paid within twenty days after the entry of the order on this application.